**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **A.A., by and through his parent, E.L., and E.L. and C.L.,** : :  : **Plaintiffs** : : **v.** : : **HOUSTON COUNTY SCHOOL DISTRICT,** : : **Defendant** : | 5:05-CV-107(WDO) |

**ORDER**

This case involves the Plaintiffs' claims that the Houston County School District failed to provide their autistic child with a "Free and Appropriate Public Education." After withdrawing their child from the school, the parents filed a complaint with the Office of State Administrative Hearings for the State of Georgia seeking reimbursement for the expense of privately educating A.A. and for private therapy sessions. The Administrative Law Judge found that the school had provided an FAPE to A.A. and that the parents were not entitled to any reimbursement for privately tutoring A.A. The parents thereafter exercised their right to file an appeal in this Court. The parents asserted claims pursuant to the Individuals with Disabilities in Education Act as well as other federal and state laws.

The matter is now before the Court on the parties' dispute over the course discovery should take at this time. Specifically, the Plaintiffs seek to supplement the evidence from the Administrative Law Judge's proceedings below. The Plaintiffs seek to depose three individuals and to serve requests for production of documents on the Defendant.

1

>Pursuant to Walker County School Dist. v. Bennett,
>
>A trial court must make an independent ruling based on the preponderance of the evidence, but the Act contemplates that the source of the evidence generally will be the administrative hearing record, with some supplementation at trial. The reasons for supplementation will vary; they might include gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing. The starting point for determining what additional evidence should be received, however, is the record of the administrative proceeding.

Walker County School Dist. v. Bennett ex rel. Bennett, 203 F.3d 1293, 1298 (11th Cir. 2000) (adopting the reasoning from the First Circuit in Town of Burlington v. Department of Education, 736 F.2d 773, 790-791 (1st Cir. 1984), *aff'd.*, 471 U.S. 359, 105 S. Ct. 1996, 85 L. Ed.2d 385 (1985)). A trial court "must be careful not to allow such evidence to change the character of the hearing from one of review to a trial de novo." Id. "The district court has broad discretion, in our view, with respect to the form in which any supplemental evidence is received, i.e., deposition transcripts or affidavits in lieu of personal appearances." Id.

The Plaintiffs contend that School Bd. of Collier County, Fla. v. K.C. permits them to supplement the administrative record prior to this Court ruling on any dispositive motions. School Bd. of Collier County, Fla. v. K.C., 285 F.3d 977 (11th Cir. 2002). In K.C., the court of appeals noted that a district court *"may* take additional evidence and may fashion relief that the court deems appropriate." Id. at 981 (emphasis added). "The determination of what is 'additional' evidence must be left to the discretion of the trial court which must be careful not to allow such evidence to change the character of the hearing from one of review to a trial de novo." Id. (citing Bennett, 203 F.3d at 1298)). The court

2

of appeals found no error in the district court's requirement that the board provide a "solid justification" for the supplementation of evidence. Id.  Based on these findings, it cannot be said that K.C. *requires* this Court to allow the Plaintiffs to supplement the evidence at this time.  Rather, it is within this Court's discretion whether and to what extent it permits any discovery or additional evidence beyond that in the existing administrative record.

After reviewing the record in this case and hearing from the parties on the matter, the Court hereby finds that additional discovery and supplementation of the administrative record is not necessary at this time.  If at any point in the future the parties present evidence or arguments supporting the need for such additional evidence, the Court will of course take the matter under consideration.

The parties are hereby ordered to simultaneously submit motions for a judgment on the record by September 12, 2005.  Responsive briefs shall be filed by September 30, 2005.  After the Court reviews the parties' motions, it will then decide whether a hearing is necessary and will notify the parties if a hearing is to be scheduled.

**SO ORDERED this 6th day of July, 2005.**

S/Wilbur D. Owens, Jr.
**WILBUR D. OWENS, JR.**
**UNITED STATES DISTRICT JUDGE**