IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| A.A., et al.,, | : | |
| | : | |
| **Plaintiffs** | : | |
| | : | |
| v. | : | 5:05-CV-107 (WDO) |
| | : | |
| HOUSTON COUNTY SCHOOL DISTRICT, | : | |
| | : | |
| **Defendant** | : | |

**ORDER**

On January 3, 2006, the Court, relying on the extensive record developed by the ALJ, affirmed the ALJ's decision that the school district provided A.A. with a "free and appropriate education" ("FAPE"). After affirming that decision, several claims remained - ADA and Rehabilitation Act discrimination claims, a federal "right to privacy" claim and several state law claims. The Court ordered the parties to submit motions for judgment on the record to determine if the remaining claims could be addressed without the need for additional discovery. After carefully reviewing the record again and the parties' latest briefs, the Court finds that neither a further hearing nor discovery is needed and makes the following findings, adopting and incorporating the factual and legal findings from the January 3, 2006 order.

Plaintiffs allege A.A. was discriminated against on the basis of a disability pursuant to the ADA and the Rehabilitation Act. " To prove discrimination in the education context, 'something more than a mere failure to provide the 'free appropriate education' required by IDEA must be shown.'" Sellers by Sellers v. School Bd. of City of Mannassas, 141 F.3d 524, 529 (4th Cir. 1998)

1

(citations omitted). The ADA and Rehabilitation Act claims asserted in the latest briefs pertain to the same facts and legal principles that have already been decided adversely to the Plaintiffs. Plaintiffs failed to show that the school district *discriminated* against A.A. in the delivery of educational and related services or that the school district retaliated against the Plaintiffs in relation to any alleged discrimination claim or issue. The ADA and Rehabilitation Act claims are therefore DISMISSED.

Plaintiffs asserted federal constitutional "right to privacy" claims based on (1) the school district's allegedly wrongful public disclosure of information about A.A. and (2) one of A.A.'s teacher's placement of a portable commode behind her desk for A.A. to use between scheduled bathroom breaks. To hold the school district liable on these claims, Plaintiffs must, pursuant to the well-established standards for 42 U.S.C. § 1983 claims, identify a "policy" or "custom" of the school district that *caused* the alleged deprivation of A.A.'s constitutional rights, and may not do so on the basis of respondeat superior alone. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-691, 98 S. Ct. 2018 (1978).

Plaintiffs allege a vague "right to privacy" violation regarding school employees who allegedly disclosed information about A.A. to A.A.'s pediatrician. It is unclear exactly what statute or constitutional provision Plaintiffs are asserting was violated. To the extent Plaintiffs are asserting a claim pursuant to the Family Educational Rights and Privacy Act (FERPA), the Supreme Court has held there is no private right of action available under FERPA. Gonzaga University v. Doe, 536 U.S. 273, 287, 122 S. Ct. 2268 (2002). The Court will therefore analyze the "right to privacy" claims and attempt to discern whether there is some basis for a possible constitutional violation.

The school personnel attempted to ascertain A.A.'s medical and psychological condition

from A.A.'s parents and attorney and when those efforts repeatedly failed the school turned to the next logical person with that information - the child's pediatrician. Considering that the school is statutorily mandated to provide an education to A.A. specifically tailored to A.A.'s special needs, there was no other option open to the school to determine the diagnoses and severity of A.A.'s conditions, suggestions regarding medical requirements for A.A. and other, vital information necessary to formulate an appropriate educational program for A.A.

Although the statutes and case law are not very instructive regarding with whom the school may discuss A.A., the language from the IDEA is somewhat helpful. Pursuant to 34 C.F.R. § 300.571, personally identifiable information about a student may be shared (1) in the context of conversations or meetings with officials of participating agencies collecting or using the information under this section *or* (2) for meeting the requirements of the IDEA. The school personnel in this case discussed A.A. among individuals involved in A.A.'s education and medical treatment. There was no "public disclosure" of confidential information about A.A. to any individual not already in that group of individuals who already knew about his condition and needs. Likewise, Plaintiffs' allegation that a "therapist" allegedly revealed information about A.A. in a public location is so vague it is impossible to tell whether there was any violation of a "right to privacy," and certainly not one that rises to the level of a constitutional violation pursuant to §1983 standards.

The other alleged "right to privacy" violation concerns a decision by one of A.A.'s pre-Kindergarten teachers to place a portable commode in the classroom behind her desk for A.A. to use between scheduled bathroom breaks. Typical "rights to privacy" have involved abortion, marital relationships, contraception and death. However, the constitutional jurisprudence developed thus far has not established a constitutional violation where a special education teacher decides to

3

accommodate a student's disability by providing a means of going to the restroom whenever needed. There is some guidance in the case law such as in Frazier v. Fairhaven School Committee where a student claimed, as part of several IDEA claims, sexual harassment based on a school employee looking into a stall while the student used the bathroom. Frazier v. Fairhaven School Committee, 122 F. Supp.2d 104, 112 (D. Mass. 2000). The court found there was no actionable sexual harassment because the school employee did not look into the stall *because of* the student's gender but did so in her position as the "discipline matron" in charge of the girl's bathroom. There was no evidence of intentional or unintentional discrimination by the school employee, rather, the employee was sued for doing her job. Addressing school employees searching students at school another case noted, "both the Supreme Court and Eleventh Circuit advocate some deference toward the decisions of often beleaguered educators who serve in the trenches every day. For that reason, any decision that a particular action by a school official exceeded constitutional limits should be as narrowly drawn as possible, as a broader rule may not consider other potential incidents not before the Court and, accordingly, may be overly expansive in its reach." Thomas v. Clayton County Bd. of Educ., 94 F. Supp.2d 1290, 1305 (N.D. Ga. 1999).

      A.A.'s teacher accommodated A.A. to the best of her ability. Placing a portable commode behind the teacher's desk for a four-year-old student to use cannot, based on the circumstances presented in this case, rise to the level of a constitutional violation. The commode was not placed in the middle of the room for all to see. It is not even clear from the record whether A.A. actually ever used that particular commode. Even if he had and another child peeked behind the desk, as Plaintiffs alluded, the teacher could not prevent every possible instance of that type of behavior with four-year-olds any more than she could prohibit a student darting across the room and lifting another

student's skirt.  There is no basis to hold the school liable for one teacher's attempt to accommodate A.A.'s disability.

Plaintiffs failed to allege any facts that rise to the level of a constitutional violation.  By virtue of that alone, the school district's motion to dismiss should be granted.  However, because Plaintiffs failed to allege, or establish the possible existence of, facts that would support liability based on a custom or policy of the school district the school district may not be held liable for any of the alleged constitutional violations.  All of Plaintiffs' federal claims are therefore DISMISSED.  The Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims because all federal claims have been dismissed and an important issue of state law is involved - sovereign immunity.  See 28 U.S.C. § 1367(c)(3).  All state law claims are therefore dismissed without prejudice.

SO ORDERED this 4th day of May, 2006.

s/
**WILBUR D. OWENS, JR.**
**UNITED STATES DISTRICT JUDGE**